# IN THE COURT OF APPEALS OF IOWA

No. 24-1607
Filed January 23, 2025

**IN THE INTEREST OF K.W. and K.W.,**
**Minor Children,**

**L.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Richelle Mahaffey, Judge.

        A mother requests a delayed appeal and a reversal of the district court order terminating her parental rights.  **APPEAL DISMISSED.**

        Patricia J. Lipski (until withdrawal), Washington, and Lynnette M. Lindgren of Broerman, Lindgren & Denny, Oskaloosa, for appellant mother.

        Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

        Sarah Wenke, Ottumwa, attorney and guardian ad litem for minor child.

        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

A mother requests a delayed appeal and a reversal of the district court order terminating her parental rights. Because we determine that the mother's request for a delayed appeal does not meet the three-factor test set out by our supreme court in *In re A.B.*, 957 N.W.2d 280, 292 (Iowa 2021), we dismiss her appeal.

## I. Background Facts Relevant to Delayed Appeal

Following approximately two years of court involvement, the State moved to terminate the parents' parental rights. After holding an evidentiary hearing, the court terminated the parents' parental rights by written order filed Thursday, September 19, 2024.[1]

The mother's counsel provided a copy of the termination order to the mother by U.S. Mail on September 24, along with a letter that instructed:

> Enclosed please find a copy of the Juvenile Court's ruling in [the children's termination-of-parental-rights (TPR) and child-in-need-of-assistance (CINA)] cases. I e-mailed you this order, but I wanted to send you a hard copy as well. Please review the order carefully, and let me know if you have any questions. <u>You have the right to appeal this decision to the Iowa Supreme Court/Iowa Court of Appeals</u>, if you want. In order to appeal, a signed Notice of Appeal (signed by you) MUST BE FILED WITHIN 15 DAYS OF THE DATE OF THE COURT'S ORDER. The Court's Order is dated September 19, 2024, so if you want to appeal the order, I need to have your signed Notice of Appeal returned to me ASAP (the sooner, the better).
>
> I have prepared a Notice of Appeal in the event you wish to appeal this decision to the Iowa Supreme Court/Iowa Court of Appeals. Enclosed please find two copies of a Notice of Appeal. <u>If you do want to appeal the juvenile court's order, please review, date, and sign (on page 2) ONE copy of that notice (the other copy is for you to keep), and then return it to me in the enclosed stamped & addressed envelope as soon as possible</u>. If you want to appeal, PLEASE do not wait to

---

[1] The father does not appeal.

sign and return the notice of appeal. The deadline to appeal is firm, and I cannot request any extension of the notice or other dates related to the appeal. I do need to make you aware that the appeal process is very rarely successful in overturning a juvenile court decision, and the appeal process will take several months to complete. Please let me know if you have any questions. Thank you very much.

On September 30, counsel emailed the mother. The relevant portions of that email read:

> Please find attached a copy of the court's order from the kids' permanency and TPR hearings. It is important that you read through the order, but FIRST, please read the rest of my e-mail.. . . .
> After you have read the opinion, I need for you to decide how you want to proceed. You have the right to appeal the judge's ruling/opinion—that appeal goes to the Iowa Supreme Court, and they almost always assign juvenile case appeals to the Iowa Court of Appeals.

Counsel attached a notice of appeal with the email. The mother replied to her counsel the next day, October 1, indicating she wished to appeal. Within hours of the mother's email, counsel responded, instructing the mother of the need to sign the notice and return such to counsel by October 3, 2024:

> I will need for you to sign the notice of appeal (either one copy in my mailed letter, or print the one I attached to the email and sign it) on page 2 by your name, make sure I have your address & phone correct (tell me immediately if anything is incorrect), and RETURN THE SIGNED NOTICE TO ME AS QUICKLY AS YOU CAN. I need to have that back to me by this Thursday (Oct 3) to get it filed in time. If I don't have a signed notice of appeal in my hands by then, we can't appeal.
> You can take a very clear photo of the page with your signature on it, and either text or email me that photo.
> Please keep me posted as to what's going on, and get that signed notice back to me ASAP.

On October 4, the deadline for the appeal, counsel sent two more emails to the mother, the first at 10:41 a.m., advising:

Today is the absolute DEADLINE to file a Notice of Appeal in the kids' TPR/CINA cases.

That notice needs to have your signature on it. I have sent you that notice by e-mail and U.S. Mail (and a stamped, self-addressed envelope to return the mailed hard copy to me).

I have advised you how to send me the signature page via e-mail or text message (sending me a picture of that page). A clear photo of the signature page is sufficient for me to attach to the Notice of Appeal—it just needs to be clear/easy to read.

I MUST have that signed page/notice of appeal in hand today, if you want to appeal the court's ruling. If I don't receive the signed notice, I simply cannot file the notice of appeal. I need to have that notice sent to me before 5 pm today to get it in time to file.

Please let me know how you would like to proceed. Let me know if you have any questions, or need help getting the notice returned to me.

Counsel emailed the mother a final time before the expiration of the appeal deadline. Counsel's email, sent at 10:10 p.m., reads:

I'm reaching out to you one last time today (Friday, October 4)—it is literally 10 pm on the last day we can file a notice of appeal for the ruling in [the children's] CINA and TPR cases.

If you still want to appeal, you can print the attached notice of appeal, sign it on page 2 where indicated, take a VERY CLEAR PHOTO of all of page 2, and e-mail or text me that picture ASAP. I am still in my (home) office working, and can/will get the notice filed on time, but I absolutely NEED to have your signed page sent to me by 10:30 pm.

If I don't receive that signed page from you in the next 20ish minutes, I cannot file a notice of appeal or appeal the judge's ruling on your behalf.

Please let me know if you have any questions. Thanks so much.

The mother did not respond and the time to appeal expired. Late in the day on Saturday, October 5, counsel received an email from the mother with an attachment that consisted of a photo of her signature on the notice of appeal. A handwritten date of October 2 was on the notice. The email contained no other

communication from the mother and did not provide an explanation for the untimely return of the signature page. Counsel for the mother filed a late notice of appeal on October 6 and emailed the mother, advising her of the filing.

On October 8, 2024, our supreme court, on its own motion, noted the lack of the mother's signature on the notice of appeal and the untimely nature of the appeal. The supreme court directed the mother to file a statement with the supreme court as to why the appeal should not be dismissed.

Counsel for the mother filed a combined statement related to the appeal and a motion for a delayed appeal, attaching emails and correspondence with the mother and a scanned copy of the mother's signature page. The State resisted the mother's request for a delayed appeal. On October 29, the supreme court directed that the jurisdictional issue and signature issue be submitted with the appeal and transferred the appeal to this court. We determine the delayed appeal issue to be dispositive of the mother's appeal.

## II. Analysis

Our supreme court has addressed delayed appeals in termination of parental rights cases. In *In re A.B.*, our supreme court, as a matter of first impression, allowed a delayed appeal in a termination of parental rights case. 957 N.W.2d at 293. The court noted that a delayed appeal from an order terminating parental rights should be strictly circumscribed and such will be allowed "only where the parent clearly intended to appeal and the failure to timely perfect the appeal was outside of the parent's control." *Id.* at 292. The court also considered the countervailing interests involved, recognizing what was at stake was more than a parent's rights, including a child's interest in finality so that he or she can move

forward with a permanency plan. *Id.* The court emphasized that the delay must be "no more than negligible" and not prolong the appeal process. *Id.*

In a separate opinion, the supreme court later clarified that there was no "extenuating circumstances requirement" that precluded a parent from a delayed appeal when the parent's attorney missed the appeal deadline for less than an extenuating reason. *In re W.T.*, 967 N.W.2d 315, 319 (Iowa 2021).

This case is distinguishable from cases where delayed appeals have been afforded to a parent. This distinction is due to the complete absence of any information that the failure to timely perfect the appeal was outside the parent's control. The missed deadline was not because of counsel. The failure to timely file the appeal resulted from the mother failing to return the signed notice of appeal on time. And while we do not require that the inability to timely perfect the appeal be due to an error of counsel, it is required that the failure to timely perfect the appeal be out of the parent's control. The mother has failed to explain why she could not meet the jurisdictional deadline for the appeal. *See In re K.P.*, No. 21-1809, 2022 WL 468943, at *2 (Iowa Ct. App. Feb. 16, 2022) (requiring facts beyond mere speculation that the late filing was outside the father's control).

Given the supreme court directive that a delayed appeal will be available "only when the parent clearly intended to appeal and the failure to timely perfect the appeal was outside of the parent's control," we deny the mother's request for a delayed appeal. *See A.B.*, 957 N.W.2d at 292. While the mother expressed an intent to appeal, and the delay was negligible, we are left with the complete absence of an explanation about the failure to timely perfect the appeal and will not assume that the failure to do so was outside of her control.

**III.** **Conclusion**

We deny the request for a delayed appeal and dismiss the mother's appeal.

**APPEAL DISMISSED.**